the quantity of evidence in order to conviction is materially less than would be necessary if the proceeding was carried on by way of information or indictment. That an information is a proper proceeding in which to enforce the provisions of this statute has been passed upon in the case of *People v. Solomon, supra,* and we hold that by information or indictment is the only way its provisions can be enforced.

For the reasons above stated the judgment will be reversed.

*Judgment reversed.*

## Urie J. Hamilton, Appellee, v. Cleveland, Cincinnati, Chicago & St. Louis Railway Company, Appellant.

### (Not to be reported in full.)

Appeal from the Circuit Court of Saline county; the Hon. A. W. LEWIS, Judge, presiding. Heard in this court at the October term, 1916. Reversed and remanded. Opinion filed April 13, 1917.

### Statement of the Case.

Action by Urie J. Hamilton, plaintiff, against the Cleveland, Cincinnati, Chicago & St. Louis Railway Company, defendant, to recover damages for the loss of certain goods shipped over defendant's railroad. From a judgment for plaintiff for $193.43, defendant appeals.

P. J. KOLB and W. F. SCOTT, for appellant; L. J. HACKNEY and FRANK L. LITTLETON, of counsel.

LEWIS, RONALDS & LEWIS, for appellee.

MR. JUSTICE BOGGS delivered the opinion of the court.

## Abstract of the Decision.

1. CARRIERS, § 189*—*what is liability for loss where railroad is not initial carrier of interstate shipments.* In an action against a railroad to recover for damage to goods shipped, where the amount of the verdict included twenty-five separate freight shipments, *held* that as to all interstate shipments wherein the defendant was not the initial carrier, plaintiff was not entitled to recover.

2. CARRIERS, § 162*—*what is effect of failure to make claim for loss within time limited.* A shipper of interstate shipments who fails to make claim for loss within the time specified in the contract of shipment cannot recover for such loss.

3. CARRIERS, § 185*—*when evidence insufficient to show waiver of notice of claim.* In an action by a shipper of interstate shipments to recover for loss, where the contract of shipment required the filing of claims for damages within four months, and where plaintiff failed to give such notice, but claimed that the giving of notice was waived by the defendant, *held* that the burden of proof as to such notice was on plaintiff, and that the record failed to show a waiver by the defendant.

4. CARRIERS, § 162*—*when requirement in contract as to time for filing claims for damages is reasonable.* In an action by a shipper of interstate shipments to recover for loss, where the contract of shipment required the filing of claims for damages within four months, *held* that the requirement as to the giving of notice within four months was reasonable.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.